UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

IN RE:   BURLINGTON CIVIL, INC.                          CHAPTER 7
         DEBTOR

BRANCH BANKING AND TRUST COMPANY            CASE NO.  19-40608-THF
    CREDITOR

**AGREED ORDER MODIFYING THE AUTOMATIC STAY**

This matter having come before the Court on agreement of Burlington Civil, Inc. (the "Debtor"), Harry Mathison in his capacity as the Chapter 7 Trustee, and Branch Banking and Trust Company ("BB&T"), with BB&T having filed a proof of claim of record [Proof of Claim No. 1]. The Parties have agreed to a modification of the automatic stay in accordance with Sections 362 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure. The parties being in agreement, and with the Court having reviewed the record and being fully advised,

**IT IS HEREBY AGREED, ORDERED AND DECREED AND THE COURT HEREBY FINDS THAT:**

1. On July 12, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue of the Debtor's case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter constitutes a core proceeding as defined in 28 U.S.C. § 157(b) (2) (A), (D), (G), (K), (M) and (O).

1

5. Good cause exists under Section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to permit BB&T to locate, assemble and secure all equipment of the Debtor.

6. Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay is **MODIFIED** to permit BB&T to inventory, locate, assemble, move, take possession of, and secure all equipment of the Debtor.

7. The Debtor shall cooperate as reasonably necessary to enable BB&T to preserve and take possession of or secure the equipment.

8. The provisions of Rule 4001(d)(1)-(3) of the Bankruptcy Rules shall not apply as the terms of this Order are sufficient to afford reasonable notice of the material provisions hereof and opportunity for a hearing.

THIS AGREED ORDER PREPARED BY:

DINSMORE & SHOHL LLP

/s/ Sarah S. Mattingly
Martin B. Tucker, Esq. (KY #89992)
Sarah S. Mattingly, Esq. (KY #94257)
100 West Main Street, Suite 900
Lexington, Kentucky 40507
Tel: (859) 425-1000
Fax: (859) 425-1099
E-mail: martin.tucker@dinsmore.com
E-mail: sarah.mattingly@dinsmore.com
*Attorneys for Branch Bank and Trust Company*

HAVE SEEN AND AGREED TO:

/s/ Harry L. Mathison
Harry L. Mathison, Esq.
P.O. Box 43
Henderson, KY 42420
E-mail: hmathison@kdblaw.com
*Chapter 7 Trustee*

/s/ Stephen LaPlainte
R. Stephen LaPlante, Esq.
101 N.W. First Street, Suite 116
P.O. Box 3556
Evansville, IN 47734
Email: slaplante@laplantellp.com
*Attorney for the Debtor*

15219887v1