# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| In re: | Case No. 19-40608 |
| Burlington Civil, Inc., | Chapter 7 |
| Debtor. | Hon. Thomas H. Fulton |

## JOINT EXPEDITED MOTION FOR
## RELIEF FROM AUTOMATIC STAY AND ABANDONMENT

**THIS OMNIBUS MOTION SEEKS RELIEF FROM STAY AS TO CERTAIN CONSTRUCTION CONTRACTS AND ABANDONMENT OF SUCH CONTRACTS. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND THEIR RESPECTIVE CONSTURCTION AGREEMENT ON EXHIBIT A ATTACHED TO THIS MOTION.**

Harry L. Mathison, the duly appointed chapter 7 Trustee in this case (the "Trustee") and Great American Insurance Company ("Great American") by counsel, hereby move this Court (this "Motion") for an order granting Great American relief from the automatic stay and to approve the abandonment of those certain contracts (including all amendments and/or modifications thereto) identified on Exhibit A (the "Project Contracts") and certain other relief on the following grounds:

### I.     JURISDICTION, VENUE AND STATUTORY PREDICATES

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested are sections 362 and 554 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 4001 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### II. INTRODUCTION

On July 12, 2019 (the "Petition Date"), Burlington Civil, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee was appointed

interim trustee in the Debtor's bankruptcy case on July 29, 2017, pursuant to section 701(a)(1) of the Bankruptcy Code.

Great American was, and is, the Debtor's pre-petition surety on the Projects (as defined below). Great American, the Debtor, John Scheithe, and Angela Scheithe are party to an Agreement of Indemnity dated April 23, 2019. Great American and AKS Holdings, LLC together with the Debtor, John Scheithe and Angela Scheithe, collectively, the "Indemnitors") are party to an Agreement of Indemnity Rider, dated April 23, 2015. Pursuant to the Agreement of Indemnity and the Agreement of Indemnity Rider, the Indemnitors induced Great American to issue the Bonds (defined below). Great American issued performance bonds and payment bonds in various penal sums set forth on Exhibit A (each a "Bond" and collectively, the "Bonds") relating to the projects described on Exhibit A (each a "Project" and collectively, the "Projects"), which are subject to the Project Contracts with various local governments or governmental entities each described on Exhibit A (each an "Owner" and collectively, the "Owners"). In the aggregate, the original penal sum of all of the Bonds exceeds $7,836,907.

The Debtor was a general contractor, which entered into the Project Contracts with the Owners to construct the Projects. The Projects are public projects, owned by local governments or governmental entities in Kentucky and Utah.

The Projects are in various states of completion, with work on some of the Projects having commenced just prior to the Petition Date, and one or more which are merely subject to punch list items for completion. Many of the Project Contracts have completion deadlines and the Debtor was obligated to deliver such Projects in a timely basis or face the imposition of liquidated damages. Great American received no prior notice of the Debtor's chapter 7 filing (or intent to file) and learned of the filing from the Owners. The Debtor stopped work on the Projects prior to the Petition Date.

2

Since the Trustee's appointment, Great American, the Trustee, and the Debtor have worked and still work diligently and cooperatively to mitigate the claims of all creditors relative to the Projects. Great American has provided the Trustee with current information with respect to the Projects, unpaid subcontractors, suppliers, and potential claimants.

The Project Contracts are executory under section 365 of the Bankruptcy Code. The Trustee has consulted with the Debtor and Great American and believes, in his business judgment, that with respect to each Project Contract, the cost of completion of each Project Contact exceeds the value that the estate would receive. The Trustee has therefore determined, in the exercise of his business judgment abandon the Project Contracts and to grant Great American relief from the automatic stay as provided below.

### III. **RELIEF REQUESTED**

Concurrently with the flng of this Motion, the Trustee and Great American are filing a Joint Expedited Omnibus Motion to Authorize Trustee's Rejection of Project Contracts (the "Rejection Motion"). Pursuant to the Rejection Motion, the Trustee and Great American seek this Court's approval of the Trustee's rejection of the Project Contracts. Pursuant to this Motion, Trustee and Great American request that the Court enter an order, pursuant to sections 362 and 353 of the Bankruptcy Code and Bankruptcy Rules 4001 and 6007 abandoning the Project Contracts, and providing Great American relief from the automatic stay, each as described below.

Upon the rejection of the Project Contracts pursuant to the Rejection Motion, Great American will need to interface with the Owners with respect to the Projects. In connection with these efforts, finishing the Projects will require the Project Proceeds (defined below) be put toward the completion of the projects and the payment of claims to suppliers and subcontracts under the Bonds. The Trustee and Great American request that this Court grant stay relief so that Great

American can enforce its rights and remedies including, but not limited to, equitable subrogation remedies, with respect to the Bonds, the Indemnity Agreement and the Projects to facilitate completion of each of the Projects. The Trustee and Great American finally request that this Court approve the Trustee's abandonment of this chapter 7 estate's interests in the Project Contracts.

## IV. GROUNDS FOR GRANTING RELIEF

With respect to relief from stay and abandonment, stay relief is appropriate to facilitate completion of the Projects given that the delays and/or the Debtor's failure to maintain the Projects may negatively impact the life, safety, and public welfare at each of the Projects.

Section 362(d)(1) of the Bankruptcy Code provides that a creditor may obtain relief from the automatic stay for cause, including the lack of adequate protection of a creditor's interest in property of the estate. 11 U.S.C. 362(d)(1). Section 362(d)(2) of the Bankruptcy Code permits relief from the automatic stay if the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. 362(d)(2).

"Cause" exists for relief from the automatic stay pursuant to § 362(d)(1) because the Debtor has ceased operations and terminated substantially all of its employees. Further, upon information and belief, the Debtor has no ability or intention to complete the Projects and is not involved in maintaining or securing the Projects or otherwise addressing the critical life safety issues at each of the Projects. Granting Great American relief from the automatic stay will allow Great American to assist the Owners and contractors in safeguarding the public at each of the Projects. *See In re Hallwood Energy, L.P.,* 09-31253-11, 2009 WL 1917418, *6 (Bankr. N.D. Tex. July 1, 2009) (finding health and safety concerns constituted "cause" for modification of the automatic stay).

Moreover, Great American is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor has no equity in any of the Projects and the Projects are not

4

necessary for an effective reorganization. This is a chapter 7 case and the Trustee has no ability or intention to complete the Projects. As a result, the Projects are not "necessary to an effective reorganization," and modification of the automatic stay to permit Great American to coordinate completion of the Projects is warranted.

Great American holds a right of equitable subrogation with respect to funds paid to the Debtors on account of the Projects, unpaid progress payments, retainage, and any other proceeds of the Projects (collectively, the "Project Proceeds"). *See Pearlman v. Reliance Ins. Co.*, 371 U.S. 32 (1962). *See also, National Fire & Ins. Co. v. Padula Constr. Co., Inc.* (In re Padula Const. Co., Inc.), 118 B.R. 143, 145-146 (Bankr. S.D. Fla. 1990) ("A surety is subrogated not only to the subcontractors and material men paid with its proceeds, but also to the contractor for whom the surety was issued, as well as, the beneficiary of the surety and [others]."); *In re Alcon Demolition, Inc.,* 204 B.R. 440, 446 (Bankr. D.N.J. 1997) ("The equitable effect of subrogation is to insure that the subrogee, who had no choice but to perform his duties, will be compensated through the exercise of the subrogor's rights."). Accordingly, to the extent necessary, Great American should be granted relief from the automatic stay to protect and enforce its equitable subrogation rights, including, without limitation, to use the Project Proceeds to facilitate the completion of the Projects and to exercise any and all setoff rights of the Owners.

Without limiting the foregoing, the parties request that such stay relief include the right for Great American to take action with respect to the Project Contracts, including but not limited to the right to request that the Owners make the Project Proceeds available to pay for performance under the Project Contracts. The Trustee has consented to this relief and it should be approved.

The Project Contracts and the estate's rights under the Project Contracts are burdensome to the estate and this Court should approve the Trustee's request to abandon the Project Contracts.

5

**WHEREFORE,** the Trustee and Great American respectfully request entry of an Order: (a) granting Great American stay relief as provided herein, (b) approving the Trustee's abandonment of the Project Contracts, and (c) granting the Trustee and Great American all other just and proper relief.

Respectfully submitted,

/s/ Harry L. Mathison
Harry L. Mathison
P.O. Box 43
Henderson, KY 42420
Office:  (270) 827-1852
Fax:     (270) 826-7729
e-mail:  hmathison@kdblaw.com
*Chapter 7 Trustee*


/s/ Edward M. King
Edward M. King
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
e-mail:  tking@fbtlaw.com
*Attorneys for Great American Insurance Company*

CERTIFICATE OF SERVICE

       I hereby certify that on the date set forth on the margin above, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case. In addition, I certify that I served a copy of the foregoing upon the addresses set forth on Exhibit A by U.S. Mail, postage prepaid on the date set forth in the margin above.

       /s/ Edward M. King
       Edward M. King

FROST BROWN TODD LLC
400 W. Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400
*Counsel for Great American Insurance Company*

EXHIBIT A

| Owner | Project | Bond Amount |
|---|---|---|
| Regional Water Resource Agency<br>Attn: President<br>1722 Pleasant Valley Road<br>Owensboro, KY 42303 | Southwest Master Pump Station and Force Main Contract No. 1 | $2,557,902.00 |
| City of Hawesville, Kentucky<br>Attn: Mayor<br>395 Main Street<br>Hawesville, KY 42348 | Wastewater Treatment Plant Expansion | $2,589,500.00 |
| Commonwealth of KY Finance and Administration Cabinet<br>Bush Building 1st Floor<br>403 Wapping Street<br>Frankfort, KY 40601 | RFB-45-19 Engagement Skills Training Facility, Wendell H. Ford Regional Training Center | $739,500.00 |
| Nomlaki Technologies, LLC<br>Attn: President<br>10824 Gulfdale St.<br>San Antonio, TX 78216 | Subcontract Agreement #E00410902 Design & Repair of Facility 9112 - Standiford ANG, KY | $229,700.00 |
| Granger-Hunter Improvement District<br>Attn: President<br>2888 South 3600 West<br>West Valley City, UT 84119 | 18C: Meter 80 Piping & Breeze Chemical Feed | $822,918.75 |
| City of Orem, Utah<br>Attn: Mayor 56 North State Street<br>Orem, UT 84057 | 2018 Sump Rehabilitation Project | $369,787.00 |
| Owensboro Riverport Authority<br>Attn: President<br>1771 River Road<br>Owensboro, KY 42304 | RFP- 20018 Installation of Mechanical Conveying Equipment | $527,600.00 |

LR01907.0722889   4831-7238-7487v1